UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW D. WILLIAMS                                    JURY TRIAL DEMANDED

v.
                                                                    CASE NO. 3:15 CV
RUSHMORE LOAN MANAGEMENT SERVICES LLC

## COMPLAINT

1. Plaintiff brings this action to obtain relief for defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and other applicable law.

2. This Court has jurisdiction. 15 U.S.C. §1692k(d).

3. Venue is proper because plaintiff is a citizen of Connecticut.

4. Plaintiff is a natural person.

5. In December 29, 2008, plaintiff entered into a home mortgage loan with Taylor, Bean & Whitaker for the property at 226 Scotland Road, Madison CT.

6. Plaintiff's last payment was in 2009.

7. In 2013, Plaintiff received notice from his then-servicer Bank of America that defendant Rushmore would be the servicer of the mortgage beginning in June 2013.

8. In July 2013, and several times thereafter, plaintiff authorized or requested Rushmore to deal with his attorneys, Sullivan or Sweeney, providing their contact information, including in April 2014, June 2014, and October 2014.

9. Rushmore, through "John Torres" its "single point of contact," continued to directly call and write plaintiff, including most recently a call on February 18, 2015 and a letter dated February 20, 2015, demanding a response from plaintiff within ten days of the date of the letter.

10. On December 16, 2014, John Torres represented that "a foreclosure has been restarted" on plaintiff's property. After considerable anxiety, plaintiff learned that the statement was false.

11. On December 18, 2014, John Torres again represented that foreclosure was pending and identified foreclosing counsel. No foreclosure was pending.

12. On January 14, 2015, John Torres again represented that the loan was "indeed in foreclosure." No foreclosure had been filed or served in or after 2014 as of the date hereof.

13. On January 14, 2015, John Torres asked Attorney Sweeney to communicate with him about the account even though he had identified Rushmore's counsel and Attorney Sweeney could not ethically communicate with Mr. Torres about the account.

14. On December 16, 2014, John Torres stated that "Mr. Williams credit [was] continuing to be hit month after month with a 30 day late on his credit, this has been happening since 2009!"

15. In fact, Rushmore had stopped reporting to Equifax and TransUnion by October 2013.

16. On December 1, 2014, Rushmore had falsely reported to Experian that plaintiff owed a significant balance on his mortgage, that monthly payments were due, and that a foreclosure proceeding had started, without also notifying Experian of its knowledge that the account was disputed.

17. On December 29, 2014, defendant's attorneys sent their initial collection communication directly to plaintiff, despite having reason to know that he was represented by counsel.

18. On January 23, 2015, plaintiff communicated his dispute through his counsel, Michael Sweeney.

19. Despite the pendency of the dispute, which precluded Rushmore from taking any collection action until the account was verified, and despite specific knowledge of the dispute, John Torres continued to pester plaintiff's attorney.

20. Even though the attorney had no duty to respond to Mr. Torres in view of Rushmore's representation by counsel and the pendency of the dispute, when he did not hear back from plaintiff's attorney, John Torres again communicated directly with plaintiff.

21. By letter dated April 14, 2015, Rushmore confirmed that its communications with plaintiff were in accordance with its policy, "were proper and also in accordance with applicable law."

22. Defendant regularly collects, or attempts to collect, home mortgage debts it acquired after default, through the use of the mails and telephone.

23. Defendant regularly engages attorneys to bring foreclosure actions seeking deficiencies against homeowners who have defaulted on their mortgages.

24. Defendant violated the FDCPA, including 15 U.S.C. §§ 1692c, 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, or 1692g.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) as well as actual damages for annoyance, anxiety, inconvenience and damage to credit reputation;

(b) That the Court award costs and reasonable attorneys' fees; and

  (c)  That the Court grant such other and further relief as may be just and proper.

         Respectfully submitted,

           **/s/ Joanne S. Faulkner**
           Joanne S. Faulkner ct04137
           faulknerlawoffice@snet.net
           123 Avon Street
           New Haven, CT 06511-2422
           (203) 772-0395