UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW D. WILLIAMS

     v.                          CASE NO. 3:15 CV 673 (RNC)  (DFM)

RUSHMORE LOAN MANAGEMENT SERVICES LLC     October 25, 2016

PLAINTIFF'S MEMORANDUM IN SUPPORT OF THIRD MOTION IN LIMINE

      Mr. Williams sued Rushmore, an entity that admittedly acquired his mortgage loan for servicing long after default, alleging it violated the black letter of the Fair Debt Collection Practices Act (FDCPA) during its pre-foreclosure efforts to obtain payment or modification of the mortgage payments by (1) communicating with him knowing he was represented by attorney, 15 U.S.C. §1692c(a)(2);[1] (2) communicating false information to a credit bureau, 15 U.S.C. §1692e(8);[2] (3) including charges that were not due in its communications, 15 U.S.C. §1692(f(1);[3] or (4) falsely stating that his property was in foreclosure and foreclosure was imminent on a date certain, 15 U.S.C. §1692e(2)(A).

      Whether a debt collector violated 15 U.S.C. § 1692e(2)(A) by making false representations that foreclosure was in progress and judgment was imminent on dates certain is a matter of law for the Court to determine. <u>Schweizer v. Trans Union Corp.</u>, 136 F.3d 233, 237-38 (2d Cir. 1998) (citing <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 33 (2d Cir. 1996), and <u>Bentley v. Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993)).  Accordingly, it is appropriate for the Court to resolve the issue and to instruct the jury that defendant violated §1692e(2)(A) by its repeated reference to a non-existent foreclosure and the imminent dates of judgment.

---

[1] This issue is awaiting decision in Summary Judgment Motion, ECF No. 56.

[2] This issue is awaiting decision in ECF No. 94.

[3] Plaintiff's unopposed motion in limine concerned this issue. ECF No. 120.

## A TOUR OF THE FDCPA

The FDCPA is "a comprehensive and complex federal statute" "that imposes open-ended prohibitions on, *inter alia,* 'false, deceptive,' § 1692e, or 'unfair' practices, §1692f." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010). It is a "'comprehensive and reticulated statutory scheme' *Sayyed v. Wolpoff & Abramson,* 485 F.3d 226, 233 (4th Cir.2007)." Russell v. Absolute Collection Services, Inc., 763 F.3d 385, 392 (4th Cir. 2014).

The FDCPA was enacted almost four decades ago because of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices" that harm the marketplace economy by "contribut[ing] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasion of individual privacy;" Congress found that existing laws and procedures were "inadequate to protect consumers" and "means other than misrepresentation or other abusive debt collection techniques are available for the effective collection of debts." 15 U.S.C. § 1692(b), (c). Congress encouraged consumers to bring FDCPA actions before a Federal Article III judge by eliminating any "amount in controversy" requirement. §1692k(d). Congress also fostered enforcement of the FDCPA by enacting statutory damages and mandating that the debt collector pay the consumer's fees. 1692k(a)(3).

The FDCPA's express purpose is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002). Because the FDCPA is " 'remedial in nature ... its terms

must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.' " Hart v. FCI Lender Serv., Inc., 797 F.3d 219, 225 (2d Cir. 2015) (quoting Vincent v. The Money Store, 736 F.3d 88, 98 (2d Cir. 2013). Like other federal consumer protection statutes, the FDCPA establishes a system of enforcement by private attorneys general.  15 U.S.C. § 1692k; Jacobson v. Healthcare Financial Services, 516 F.3d 85, 91 (2d Cir. 2008) ("[T]he FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others")

That Rushmore made false statements about foreclosure is undisputed

In response to the Complaint, Rushmore admitted "that on December 16, 2014, [Rushmore employee] John Torres stated to Plaintiff's counsel, Attorney Sweeney, that a foreclosure had been restarted on Plaintiff's property" and stated again on January 14, 2015, "that the loan was in foreclosure." Answer, ECF No. 76 at 2, ¶¶10, 12. The parties also stipulated to those facts. ECF No. 19 at 3, ¶¶ 6, 7.

The only attempted foreclosure during 2015 was later, in this case. It was dismissed. ECF Nos. 13, 17, 85.

A recording provided by defendant in discovery shows that on October 8, 2014, Mr. Torres told Mr. Williams that a foreclosure judgment was expected to enter, giving different dates: on November 6, and on November 14, 2014. Mr. Williams demurred, so Mr. Torres said he would investigate.  The day after his promise to investigate, on November 7, 2014, Mr. Torres told Attorney Sweeney that the loan is already in

foreclosure "and judgment is projected for 12-3-14."[4] On December 8, 2014, Mr. Torres represented to Mr. Sweeney that the foreclosure had not been withdrawn or dismissed.[5] Yet, no foreclosure had commenced as of December 29, 2014. ECF No. 66-30 at 2. Indeed, Rushmore now admits that there was no foreclosure pending, a much earlier foreclosure having been dismissed in March 2013. ECF No. 66-4 at 2, lines 1-2; ECF No. 56-4 at 3.

Additional relevant facts are undisputed and are on the record: Rushmore obtained plaintiff's home mortgage loan in June 2013, after it was in default. It engaged in loss mitigation efforts, including accepting payments preliminary to a potential modification of the payment terms of the loan. Rushmore Affidavit, ECF No. 66-6 at ¶¶ 4, 6, 8, 20, 22, 23, 28, 44;[6] Williams Affidavit, ECF No. 56-3 ¶¶ 1-10. No foreclosure was in progress at the time of this action. Thus, Rushmore is a debt collector attempting to collect on plaintiff's home mortgage, per unanimous circuit authority set forth in plaintiff's briefing on summary judgment, ECF No. 56-1 at 3-4.

Rushmore could not misrepresent the existence or imminence of foreclosure

The FDCPA in 15 U.S.C. §1692e contains a non-exhaustive list of typical "false, deceptive, or misleading representations or means. Subsection (2)(A) prohibits "The false representation of – (A) the character, amount, or legal status of any debt."

"At the outset, it should be emphasized that the use of *any* false, deceptive, or misleading representation in a collection letter violates § 1692e -- regardless of whether

---

[4] The e-mail produced by Rushmore in discovery is attached. See last line of Sullivan & Sweeney Production 035.
[5] The e-mail produced by Rushmore in discovery is attached. See top e-mail to Sullivan & Sweeney Production 042.
[6] ECF No. 66-6 at 44 ¶9-10: "whether to accept less than the total debt through the sale of the property"

the representation in question violates a particular subsection of that provision." <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1320 (2d Cir. 1993). Likewise, "Debt collectors may not make false claims, period." <u>Randolph v. IMBS, Inc.</u>, 368 F. 3d 726, 730 (7th Cir. 2004), citing <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 33 (2d Cir. 1996).

When Rushmore repeatedly told plaintiff and his attorney that foreclosure was pending and a foreclosure judgment was imminent – even giving probable judgment dates – Rushmore misrepresented the legal status of plaintiff's account, because there was no foreclosure pending.

<u>The black letter law of § 1692e(A)(2) bans false representations about a debt</u>

The plain language of §1692e(A) (2) establishes that misrepresenting the status of a debt *is* an FDCPA violation:

> §1692e. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …
>
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt;

Case law supports the section's plain language. See, e.g., <u>Stratton v. Portfolio Recovery Assocs., L.L.C.</u>, 770 F.3d 443, 451 (6th Cir. 2014) (because the debt buyer did not have the right to collect interest on the consumer's debt, the debt buyer's statement to the contrary was a "false representation" of the "character" and "amount" of the consumer's debt); <u>Ross v. RJM Acquisitions Funding LLC</u>, 480 F.3d 493, 495 (7th Cir.2007) ("Dunning people for their discharged debts would undermine the 'fresh start' rationale of bankruptcy ... and is prohibited by the Fair Debt Collection Practices Act, which so far as relates to this case prohibits a debt collector ... from making a 'false

representation of the character, amount, or legal status of any debt.' 15 U.S.C. § 1692e(2)(A)."); <u>Eide v. Colltech, Inc.</u>, 987 F. Supp. 2d 951, 962–63 (D. Minn. 2013) ("Sending a collection letter indicating that a certain debt is due and payable when the debt has actually been discharged in bankruptcy constitutes a false representation about the legal status of the debt, and is a violation of the FDCPA under the plain language of the statute."); <u>Yarney v. Ocwen Loan Servicing, LLC</u>, 929 F. Supp. 2d 569, 576 (W.D. Va. 2013) ("One type of misrepresentation prohibited by § 1692e(2)(A) is the false representation that a debt exists.").

## CONCLUSION

For the reasons above stated, plaintiff's Motion in Limine should be granted.

THE PLAINTIFF

*[signature: Joanne S. Faulkner]*

BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

From: **John Torres** JTorres@rushmorelm.com
Subject: RE: 7600014272 WILLIAMS- 226 Scotland Rd, (06443)
Date: November 7, 2014 at 6:57 PM
To: Michael Sweeney mjs@sullivanheiser.com

No specific contact at this point.

From: Michael Sweeney [mailto:mjs@sullivanheiser.com]
Sent: Friday, November 07, 2014 3:56 PM
To: John Torres
Subject: Re: 7600014272 WILLIAMS- 226 Scotland Rd, (06443)

Thx

I will call H/L directly.  Do you have a specific point of contact?

-mjs

> On Nov 7, 2014, at 6:54 PM, John Torres <JTorres@rushmorelm.com> wrote:
>
> HUNT LEIBERT & CHESTER
> (860) 240-9135
>
> From: Michael Sweeney [mailto:mjs@sullivanheiser.com]
> Sent: Friday, November 07, 2014 3:44 PM
> To: John Torres
> Subject: Re: 7600014272 WILLIAMS- 226 Scotland Rd, (06443)
>
> I do not see a docket number or a pending matter.
>
> Who is your local counsel?
>
> -mjs
>
> <WRD10.jpg>
> <WRD313.jpg>
>
> Civil Inquiry Home   Prev Page   Site Help   Comments   Calendar Notices                    <~WRD313.jpg>
>
> **CASE SEARCH BY PROPERTY ADDRESS RESULTS**
>                                                                                                  New Search
> SEARCH CRITERIA
>        Case Type: Foreclosure Cases
>        City/Town: madison
>   Street Address: 226
>    Property Type: Residential Properties
>      Case Status: Active Cases
>
>                     No cases were found that match the specified criteria
>
>              You may press the back button on your browser to return to the previous page
>
>       Attorneys | Case Look-up | Courts | Directories | EducationalResources | E-Services | FAQ's | Juror Information | News &
>                         Updates | Opinions | Opportunities | Self-Help | Home
>
>                         Common Legal Terms | Contact Us | Site Map | Website Policies
>
>                         Copyright © 2014, State of Connecticut Judicial Branch
>
>
>
> On Nov 7, 2014, at 6:29 PM, John Torres <JTorres@rushmorelm.com> wrote:
>
> Suit?? Loan is already in F/C and judgment is projected for 12-5-14. Let me know.
>
> From: Michael Sweeney [mailto:mjs@sullivanheiser.com]
> Sent: Friday, November 07, 2014 3:14 PM

Sullivan & Sweeney Production
035

**From:** John Torres JTorres@rushmorelm.com
**Subject:** RE: 7600014272 WILLIAMS
**Date:** December 5, 2014 at 4:14 PM
**To:** Michael Sweeney mjs@sullivanheiser.com

I just looked at our counsel website and as of today nothing has been withdrawn or dismissed, I am going to have my foreclosure dept. double check but where are you getting this info from?

**From:** Michael Sweeney [mailto:mjs@sullivanheiser.com]
**Sent:** Thursday, December 04, 2014 7:40 AM
**To:** John Torres
**Subject:** Re: 7600014272 WILLIAMS

It is my understanding that the foreclosure matter has been either dismissed or withdrawn.

You need to start the enforcement action on the matter from the beginning.

Check with your local counsel

-mjs


=====
Michael J. Sweeney
SULLIVAN HEISER & SWEENEY
Attorneys and Counselors At Law
116 East Main St.
Clinton, Connecticut 06413
www.sullivanheiser.com
T. 860.664.4440 ** F. 860.664.4422
=====

Business, Probate & Real Estate


CAUTION: This electronic mail message and any attachments are confidential and may contain information protected by the attorney client privilege or may constitute attorney work product, and are intended only for the addressee(s). If you have received this message in error, or are not an intended recipient(s), please discard this message and any attachments by deleting any electronic copies and destroying any hard copies. Please notify the sender immediately that you received this message in error.

> On Dec 4, 2014, at 10:24 AM, John Torres <JTorres@rushmorelm.com> wrote:
>
> Mr. Sweeney,

Certificate of Service

I hereby certify that on October 25, 2016 a copy of the within and attached was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                              ____/s/ Joanne S. Faulkner___
                                              JOANNE S. FAULKNER ct04137