UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MATTHEW D. WILLIAMS,                :
                                    :
     Plaintiff,                     :
                                    :
     v.                             :     CASE NO.   3:15CV673(RNC)
                                    :
RUSHMORE LOAN MANAGEMENT            :
SERVICES LLC,                       :
                                    :
     Defendant.                     :

RULING

The plaintiff, Matthew Williams, alleges that the defendant,
Rushmore Loan Management Services, violated the Fair Debt
Collection Practices Act, 15 U.S.C. § 1692 et seq. by communicating
with him instead of his attorney and communicating false
information about his mortgage.  Pending before the court are the
plaintiff's three motions in limine.[1]  (Doc. ##94, 120, 123.)  The
motions are denied.

I.   Legal Standard

"'Motion in limine', loosely translated, means 'motion at the
threshold.'"  21 Charles Alan Wright & Kenneth Graham, Jr., Federal
Practice and Procedure § 5037.10 (2d ed. 2005).  Motions in limine
are "well established devices" that "settle evidentiary disputes in
advance so that trials are not interrupted mid-course for the
consideration of lengthy and complex evidentiary issues."  United
States v. Tokash, 282 F.3d 962, 968 (7th Cir. 2002).  "The purpose

_____

[1]On January 6, 2017, U.S. District Judge Robert N. Chatigny
referred the motions to the undersigned.  (Doc. #126.)

of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). See, e.g., Hannah v. Wal-Mart Stores, Inc., No. 3:12cv1361(VAB), 2017 WL 690179, at *2 (D. Conn. Feb. 21, 2017)("The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence"); Wechsler v. Hunt Health Sys., Ltd., 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003)(same). "District courts have discretion to determine evidentiary issues presented in motions *in limine* in advance of trial." In re: General Motors LLC Ignition Switch Litig., No. 14-MC-2543(JMF), 2016 WL 4410008, at *1 (S.D.N.Y. Aug. 18, 2016).

II. Discussion

In the pending motions *in limine*, the plaintiff requests that the Court make findings of liability. Specifically, the plaintiff asks the Court to find as a matter of law that the defendant

(1) violated 15 U.S.C. § 1692c(e)(8) "twelve times in the year before this action was brought" by communicating false information to a credit bureau (doc. #94);

(2) violated 15 U.S.C. § 1692f(1) by including charges that were not due in its communications (doc. #120); and

(3)  violated 15 U.S.C. § 1692e(2)(A) by "falsely stating that [plaintiff's] property was in foreclosure and that foreclosure was imminent on a date certain."  (Doc. #123.)  The plaintiff also asks the Court to find that the defendant's "defenses of setoff and recoupment are meritless."  (Doc. #94.)  The plaintiff contends that there is no factual dispute as to these claims and cites to affidavits and various other evidence.

"A motion *in limine* is not the proper vehicle for seeking a dispositive ruling on a claim."  Hana Fin., Inc. v. Hana Bank, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).  A motion *in limine* is used to obtain pretrial rulings on the admissibility of evidence, "not to determine the sufficiency of the evidence or merits of an issue." Montgomery v. Great Am. Assurance Co., No. 12-20503-CV, 2013 WL 12093809, at *1 (S.D. Fla. Apr. 8, 2013).  "It is well settled that [m]otions *in limine* address evidentiary questions and are inappropriate devices for resolving substantive issues, such as the sufficiency of the evidence to support a claim or defense."  Bowers v. Nat'l Collegiate Athletic Ass'n, 563 F. Supp. 2d 508, 532 (D.N.J. 2008)(internal quotation marks and citation omitted). See, e.g., Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc., No. 08-CV-00578-WJM-CBS, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012)("An *in limine* motion is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because [t]hat is the function of a

motion for summary judgment, with its accompanying and crucial procedural safeguards.")(quotation marks and citations omitted); Dunn ex rel Albery v. State Farm Mut. Auto Ins. Co., 264 F.R.D. 266, 274-75 (E.D. Mich. 2009) ("[M]otions *in limine* are meant to deal with discrete evidentiary issues related to trial . . . . The denial of a motion *in limine* is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case."); C & E Servs., Inc. v. Ashland Inc., 539 F. Supp. 2d 316, 323 (D.D.C. 2008) ("a motion *in limine* should not be used to resolve factual disputes or weigh evidence"); Witness Sys., Inc. v. Nice Sys., Inc., No. 1:06CV126(TCB), 2008 WL 2047633, at *1 (N.D. Ga. May 10, 2008) ("As an issue of law in the Court's province, Defendants should have raised [it] in a properly supported motion for summary judgment rather than in a motion *in limine* . . . ."); Mavrinac v. Emergency Med. Ass'n of Pittsburgh, No. 04-1880, 2007 WL 2908007 at *1 (W.D. Pa. Oct. 2, 2007) ("Motions *in limine* are inappropriate vehicles to seek a final determination with respect to a substantive cause of action and should not be used as a substitute for a motion for summary judgment"); Natural Resources Defense Council v. Rodgers, No. CIV-S-88-1658(LKK), 2005 WL 1388671, at *1 n.2 (E.D. Cal. June 9, 2005) ("Motions *in limine* address evidentiary questions and are inappropriate devices for resolving substantive issues."); Provident Life & Acc. Ins. Co. v. Adie, 176 F.R.D. 246, 250 (E.D.

Mich. 1997) ("If [defendant] wanted to preclude [plaintiff] from raising these defenses at trial because there was no genuine issue of material fact as to them, then he should not have filed a motion *in limine* . . . . but should instead have filed a summary judgment motion pursuant to Federal Rule of Civil Procedure 56."); 75 Am. Jur.2d <u>Trial</u> § 44 (2017) (stating that motions *in limine* should not be used as "unnoticed motions for summary judgment or motions to dismiss. . . . Moreover, deficiencies in pleadings or evidence are not appropriately resolved by a motion *in limine*. Clearly, a motion *in limine* may not properly be used as a vehicle to circumvent the requirements of rules of procedure."); 21 Charles Alan Wright & Kenneth Graham, Jr., <u>Federal Practice and Procedure</u> § 5037.10 (2d ed. 2005)(observing that "case law provides ammunition against those who would use the motion *in limine* as a substitute for a motion for summary judgment or other peremptory ruling").

Here, in the guise of motions *in limine*, the plaintiff seeks dispositive rulings on the merits of his claims.  As explained above, this is procedurally improper.  Accordingly, the plaintiff's motions *in limine* (doc. ##94, 120, 123) are denied.

SO ORDERED at Hartford, Connecticut this 2nd day of March, 2017.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge